## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LIONHEART HOLDING** | : | |
| **GROUP, LLC**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 06-CV-5254 |
| | : | |
| **THE PHILADELPHIA** | : | |
| **CONTRIBUTIONSHIP** | : | |
| **INSURANCE COMPANY**, | : | |
| | : | |
| Defendant. | : | |

## EXPLANATION AND ORDER

### I.  INTRODUCTION

The plaintiff, Lionheart Holding Group, LLC ("Lionheart"), sued the Philadelphia

Contributionship Insurance Company ("PCIC") under its National Flood Insurance Program

Standard Flood Insurance Policy to recover for damages to a restaurant on its property.  28

U.S.C. § 1331 gives the Court jurisdiction.  The PCIC moves for summary judgment asserting

that the claim is untimely under the applicable statute of limitations.  I will grant the motion.

### II.  FACTUAL BACKGROUND

Lionheart owns a plot of land that contains two buildings – a house and a restaurant – at

37 Byram Road in Point Pleasant, Pennsylvania.  On April 3, 2005, Lionheart's property was

flooded.  Before the flood, Lionheart took out flood insurance with the PCIC to cover the

property.  Lionheart thought the policy covered both the house and the restaurant.  Lionheart

claims that after the flood it filed two separate claims to recover for flood damage – one claim for

damage to the house and one claim for damage to the restaurant.  In response to these claims, on

June 15, 2005 the PCIC sent Lionheart a letter that reads in part:

> The Elevation Certificate and rating information for the referenced
> flood policy number appears to cover the 'restaurant' building
> located at the referenced location. . . .
>
> Under separate cover you will receive a check in the amount of
> $30,230.46 ($5,000.00 advance already paid) representing covered
> damages to the restaurant building and the items of property inside
> of the building as a result of the flooding on the above date of loss.
>
> There is no coverage for the second building on the property in
> accordance with Section III Coverage A of the Policy.  That
> building would require a separate flood policy for coverage.
>
> As a portion of your claim has been denied, you will have one year
> from the date of this letter to file suit in the US District Court for
> the district in which the property was located at the time of the
> loss.

On November 30, 2006, roughly eighteen months after receiving the June 15, 2005 letter,

Lionheart sued to collect under the flood insurance policy for damage to the restaurant.  The

PCIC filed a motion for summary judgment alleging that the suit is time-barred by the applicable

statute of limitations.

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  Facts are material if they might affect the outcome of the

case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue exists when

the evidence is such that a reasonable jury could return a verdict in favor of the non-moving

2

party.  *Id.* at 248-52.

## IV.  DISCUSSION

Lionheart's flood insurance policy is a National Flood Insurance Program Standard Flood Insurance Policy ("SFIP"), codified at 44 C.F.R. Pt. 61, App. A(2)(Oct. 1, 2004 ed.).  The PCIC issued the flood insurance policy as a Write Your Own ("WYO") insurer on behalf of the federal government.  Statutory limits to recovery apply because the SFIP is codified under federal law. 42 U.S.C. § 4072.  *See Van Holt v. Liberty Mutual Insurance Co.*, 163 F.3d 161, 165 (3d Cir. 1998).  One such statutory limit to recovery is a one-year statute of limitations to file suit once a WYO insurer, like the PCIC, has denied or partially denied a claim.  *Id.*

Both parties agree that the one-year statute of limitations applies to the insurance policy at issue once coverage has been denied or partially denied.  The applicable provision, 44 C.F.R. Pt. 61, App. A(2), Article VII(R), states:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.  If you do sue, you must start the suit within 12 months from the date we mailed you notice that we have denied your claim, or part of your claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of the loss.

The parties disagree over whether there has been a denial or a partial denial of coverage for the restaurant insurance claim.  Specifically, the parties dispute whether the June 15, 2005 letter constituted a denial or partial denial of coverage for the restaurant because the letter denied coverage for the house.

The PCIC argues that the June 15, 2005 letter constituted a partial denial of coverage so that the statute of limitations began to run.  To bolster this argument, the PCIC points to the

statement in the June 15, 2005 letter that, "[a]s a portion of your claim has been denied, you will

have one year from the date of this letter to file suit in the US District Court for the district in

which the property was located at the time of the loss."  The PCIC argues that this letter triggered

the statute of limitations, giving Lionheart until June 15, 2006 to file suit.  The PCIC contends

that because Lionheart waited until November 30, 2006, this suit is time-barred and summary

judgment is appropriate.

Conversely, Lionheart asserts that the statute of limitations has not yet begun to run on

the restaurant claim, making this suit timely.  Lionheart maintains that it filed two separate

insurance claims – one for the house and one for the restaurant – so the June 15, 2005 letter only

denied the house claim and it did not deny or partially deny the restaurant claim.[1]

Whether Lionheart filed one or two claims under the single policy is not a genuine issue

because a jury could not reasonably find that this letter did not constitute a denial or partial denial

as to Lionheart's attempt to recover under its insurance policy with the PCIC.  *Anderson*, 477

U.S. at 248-52.  It is irrelevant whether Lionheart filed two separate claims to recover under its

single insurance policy.  The debate over the claims being separate or lumped together obscures

the actual issue: whether the PCIC denied or partially denied Lionheart's claim under the

insurance policy.  The June 15, 2005 letter dealt with both the house and the restaurant claim and

it explicitly denied part of Lionheart's attempt to recover under its single insurance policy.

_____

[1] Lionheart presents a letter dated April 2, 2007 as evidence that the PCIC has not denied or partially denied the insurance claim.  The PCIC argues that this Court should not consider this letter two reasons: (1) it was sent in error, and (2) it was sent in contemplation of settlement pursuant to Federal Rule of Evidence 408.  I do not need to decide about the April 2, 2007 letter's admissibility because that letter is irrelevant.  That letter was mailed nearly a year after the statute of limitations had run and it does not contravene the contents of the June 15, 2005 letter.

Because there is no genuine issue as to whether the June 15, 2005 letter constituted a partial denial of Lionheart's claim, the statute of limitations began to run on June 15, 2005 and Lionheart had until June 15, 2006 to file suit.  Lionheart waited until November 30, 2006 and thus this suit is untimely.  Therefore, the PCIC is entitled to judgment as a matter of law and I grant its motion for summary judgment.

## <u>ORDER</u>

**AND NOW**, this __13th____ day of February, 2008, it is **ORDERED** that:

•     Defendant's Motion for Summary Judgment (Doc. #16) is **GRANTED** and this case is **DISMISSED**.

•     Plaintiff's Motion for Sanctions (Doc. # 21) is **DENIED**.


s/Anita B. Brody

_____

ANITA B. BRODY, J.


Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to:

6